UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**RICHARD CHMURA;**
**KENNETH BOBAR;**
**JOHN W. TOOLEY**

                                        Plaintiff(s),

      -against-

**COUNTY OF SCHENECTADY;**
**PAUL G. ROMANO IN HIS OFFICIAL CAPACITY AS**
**TREASURER FOR SCHENECTADY COUNTY,**
                                    Defendant(s

**COMPLAINT**
**Index No.:**
  1:23-cv-1574 (GTS/ML)

---

Plaintiff(s), by and through their attorneys, David M. Giglio & Associates, LLC, , as and for a complaint, allege that:

## JURISDICTION AND VENUE

1.     Plaintiff(s) **RICHARD CHMURA**  (hereinafter referred to as "plaintiff(s)") were or are  residents of the County of **SCHENECTADY,** State of New York which is located in the Federal Court for the Northern District of  New York and the actions complained of herein occurred in the County of **SCHENECTADY,** State of New York which is situate in the Northern District of New York.

2.     Plaintiff(s) **KENNETH BOBAR**  (hereinafter referred to as "plaintiff(s)") were or are  residents of the County of **SCHENECTADY,** State of New York which is located in the Federal Court for the Northern District of  New York and the actions complained of herein occurred in the County of **SCHENECTADY,** State of New York which is situate in the Northern District of New York.

3.     Plaintiff(s) **JOHN W. TOOLEY**  (hereinafter referred to as "plaintiff(s)") were or are  residents of the County of **SCHENECTADY,** State of New York which is located in the Federal Court for the Northern District of  New York and the actions complained of herein

1

occurred in the County of **SCHENECTADY,** State of New York which is situate in the Northern District of New York.

4.       The Defendants, County of SCHENECTADY and **PAUL G. ROMANO,** in her official capacity as Treasurer for the County of SCHENECTADY are located within the Northern District of New York.

5.       Venue is proper in the Northern District of New York since all of the transactions giving rise to the claim occurred within the Northern District.

6.       The plaintiff(s) assert subject matter jurisdiction since these claims are brought pursuant to the United States Constitution 5th, 8th and 14th Amendments as well as 18 USC section 1983.

## GENERAL ALLEGATIONS

7.       Upon information and belief, plaintiff **RICHARD CHMURA** owned a property known as 2112 GRAY ROAD situate in the Town of ROTTERDAM County of SCHENECTADY which was sold at a SCHENECTADY County tax auction for a sum of $87,000.00 (Eighty Seven Thousand Dollars) on or about November 10, 2022.

8.       Upon information and belief, at the time of the tax auction **RICHARD CHMURA** owed local property taxes and penalties in an amount of approximately $16,000.00 (Sixteen Thousand Dollars) for the property known as 2112 GRAY ROAD at the time of the tax auction.

9.       Upon information and belief, plaintiff **RICHARD CHMURA** owned a property known as 2126 GRAY ROAD situate in the Town of ROTTERDAM County of SCHENECTADY which was sold at a SCHENECTADY County tax auction for a sum of $92,000.00 (Ninety Two Thousand Dollars) on or about June 14, 2023.

10.     Upon information and belief, at the time of the tax auction **RICHARD CHMURA** owed local property taxes and penalties in an amount of approximately $12,000.00 (Twelve Thousand Dollars) for the property known as 2126 GRAY ROAD at the time of the tax auction.

11.     Upon information and belief, plaintiff **KENNETH BOBAR** owned a property known as 694 MARIAVILLE ROAD situate in the Town of ROTTERDAM , County of SCHENECTADY which was sold at a SCHENECTADY County tax auction for a sum of $307,000.00 (Three Hundred Seven Thousand Dollars) on or about June 14, 2023.

12.     Upon information and belief, at the time of the tax auction **KENNETH BOBAR** owed local property taxes and penalties in an amount of approximately $40,000.00 (Forty Thousand Dollars) for the property known as 694 MARIAVILLE ROAD at the time of the tax auction.

13.     Upon information and belief, plaintiff **JOHN W. TOOLEY** owned a property known as **1830 HELDERBERG AVE** situate in the Town of ROTTERDAM , County of SCHENECTADY which was sold at a SCHENECTADY County tax auction for a sum of $80,000.00 (EIGHTY Thousand Dollars) on or about June 14, 2023.

14.     Upon information and belief, at the time of the tax auction **JOHN W. TOOLEY** owed local property taxes and penalties in an amount of approximately $20,000.00 (Twenty Thousand Dollars) for the property known as 1830 HELDERBERG AVE at the time of the tax auction.

## COUNT I

## TAKING OF PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE IN VIOLATION OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION

15.    Plaintiffs repeat and reallege each of the allegations contained in this complaint.

16.    Defendants have violated the United States Constitution by taking private property from the plaintiff(s) without a valid public use.

17.    The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

18.    The United States Constitution Fifth Amendment dictates that private property may not be taken "for public use" without just compensation.

19.    Valid public use occurs when the property is taken to satisfy the tax burden associated with the property. Where the excess equity is also seized, there is no longer valid public use within the meaning of the Fifth Amendment to the US Constitution.

20.    The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

21.    42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **RICHARD CHMURA** just compensation, or the equity from the tax auctions.

22.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **KENNETH BOBAR** just compensation, or the equity from the tax auctions.

23.     42 USC 1983 directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff **JOHN W. TOOLEY**  just compensation, or the equity from the tax auctions.

## COUNT II

### TAKING OF  PRIVATE PROPERTY WITHOUT JUST COMPENSATION

### IN VIOLATION OF THE UNITED STATES CONSTITUTION

24.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

25.     Defendants have violated the Fifth Amendment to the United States Constitution by taking private property from the plaintiff(s) without just compensation.

26.     The United States Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

27.     The United States Constitution Fifth Amendment dictates that private property may not be taken without 'just compensation.'

28.     Just compensation allows the government to retain the monies from the tax auction to satisfy the plaintiffs property tax debts, but does not allow the government to seize any surplus funds from the tax auction.

29.     The amount of the tax auction for 2112 GRAY ROAD  was greater than the amount **RICHARD CHMURA** owed in taxes and associated costs to the local government.

30.    The amount of the tax auction for 2126 GRAY ROAD  was greater than the amount **RICHARD CHMURA** owed in taxes and associated costs to the local government.

31.    The amount of the tax auction for 694 MARIAVILLE ROAD was greater than the amount **KENNETH BOBAR** owed in taxes and associated costs to the local government.

32.    The amount of the tax auction for **1830 HELDERBERG AVE** was greater than the amount **JOHN W. TOOLEY**  owed in taxes and associated costs to the local government.

33.    The United States Constitution Fourteenth Amendment prohibits the states from violating the plaintiff(s) Fifth Amendment rights.

34.    42 USC 1983 prevents any person acting under the color of law from depriving any citizen of the United States  their constitutional rights as guaranteed under the United States Constitution.

35.    42 USC 1983 thence directs the defendants to comply with the mandates of the Fifth and Fourteenth amendments of the United States Constitution by paying to the plaintiff(s) just compensation, or the equity from the tax auction.

36.    Plaintiff(s)  **RICHARD CHMURA** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 2112 GRAY ROAD AND/OR 2126 GRAY ROAD and failed to pay just compensation for the same.

37.    Plaintiff(s)  **KENNETH BOBAR** has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as 694 MARIAVILLE ROAD and failed to pay just compensation for the same.

38.    Plaintiff(s) **JOHN W. TOOLEY**  has been injured and damaged by the defendants violation of his Fifth Amendment rights when it seized his equity in properties known as **1830 HELDERBERG AVE** and failed to pay just compensation for the same.

## COUNT III

### TAKING OF  PRIVATE PROPERTY WITHOUT A VALID PUBLIC USE AND IN VIOLATION OF THE FIFTH AMENDMENT TO THE NEW YORK STATE CONSTITUTION

39.    Plaintiffs repeat and reallege each of the allegations contained in this complaint.

40.    New York State Constitution Article 1 section 7 provides that private property shall not be taken for public use without just compensation.

41.    Defendants have violated the New York State Constitution by taking private property from the plaintiff(s) without just compensation.

42.    The New York State Constitution precludes the government of arbitrarily taking private property and keeping the equity thereof.

43.    Valid public use occurs when the property is taken to satisfy the tax burden associated with the property.  Where the excess equity is also seized, there is no longer valid public use within the meaning of  the New York State Constitution.

44.    By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s),  **RICHARD CHMURA**, has been damaged  and is entitled to relief as a result.

45. By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **KENNETH BOBAR**, has been damaged and is entitled to relief as a result.

46. By reason of the defendants violation of the plaintiff(s) rights under Article 1 Section 7 of the New York State Constitution, the Plaintiff(s), **JOHN W. TOOLEY**, has been damaged and is entitled to relief as a result.

## COUNT IV

## DEFENDANTS ARE IN VIOLATION OF THE PLAINTIFF'S RIGHTS UNDER THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION

47. Plaintiffs repeat and reallege each of the allegations contained in this complaint.

48. United States Constitution Eighth Amendment provides that excessive fines shall not be imposed upon private citizens.

49. The defendants have confiscated the entire equity within each of the plaintiff(s) real property.

50. The defendants are entitled to seize plaintiff(s) property and sell the same to satisfy tax debts of the plaintiff(s).

51. The defendants are not entitled to keep any excess equity after having satisfied the tax debts and associated charges.

52.     By confiscating the entire equity in the Plaintiff(s) real property the defendants Defendants have effectively imposed excessive fines upon the plaintiffs in violation of the the Eighth Amendment to the United States Constitution.

53.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **RICHARD CHMURA**, has been damaged and is entitled to relief as a result.

54.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **KENNETH BOBAR**, has been damaged and is entitled to relief as a result.

55.     By reason of the defendants violation of the plaintiffs rights under the United States Constitution Eighth Amendment, the plaintiff, **JOHN W. TOOLEY**   , has been damaged and is entitled to relief as a result.

## COUNT V

## DEFENDANTS ARE IN VIOLATION OF THE EXCESSIVE FINES CLAUSE
## OF THE NEW YORK  STATE CONSTITUTION

56.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

57.     Article 5 Section 1 of the New York State Constitution  provides that excessive fines shall not be imposed.

58.     The defendants have confiscated the entire equity within the plaintiff(s) real property.

59.    The defendants are entitled to seize plaintiff(s) property and sell the same to satisfy tax debts of the plaintiff(s).

60.    The defendants are not entitled to keep any excess equity after having satisfied the plaintiff(s) tax debts and associated charges.

61.    By confiscating the entire equity in the Plaintiff(s) real property the defendants Defendants have effectively imposed excessive fines upon the plaintiffs in violation of the New York State Constitution Article 1 Section 5.

62.    By reason of the defendants violation of the plaintiffs rights under the New York State Constitution Article 1 Section 5, the plaintiffs have been damaged and are entitled to relief as a result.

63.    By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **RICHARD CHMURA**, has been damaged and is entitled to relief as a result.

64.    By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **KENNETH BOBAR**, has been damaged and is entitled to relief as a result.

65.    By reason of the defendants violation of the excessive fines clause of Article 1 Section 5 of the New York State constitution , the plaintiff, **JOHN W. TOOLEY** , has been damaged and is entitled to relief as a result.

## COUNT VI

### DEFENDANTS HAVE BEEN UNJUSTLY ENRICHED BY THE SEIZURE OF PLAINTIFFS EQUITY IN THEIR REAL PROPERTY

66.    Plaintiffs repeat and reallege each of the allegations contained in this complaint.

67.    The defendants seized plaintiff(s) property in order to satisfy the plaintiff(s) tax debts on said property.

68.    The defendants sold each of the plaintiffs property in an amount above and beyond the amount that the plaintiff owed the defendants for property tax debts and associated costs.

69.    The defendants have known that the auctions amounts from said tax auctions exceeded the plaintiff(s) obligations to the defendants.

70.    In spite of knowledge that there were surplus funds from said tax auctions, the defendants have confiscated the same, to the detriment of the plaintiffs,  and have been unjustly enriched.

71.    It is inequitable for the defendants to retain the equity from each property where the auctions price exceeded the plaintiff(s) tax obligations.

72.    The plaintiffs have no remedy at law except as asserted in this complaint.

73.    The plaintiff, **RICHARD CHMURA**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 2112 GRAY ROAD and/or 2126 GRAY ROAD  is entitled to relief as a result.

74.    The plaintiff, **KENNETH BOBAR**, has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at 694 MARIAVILLE ROAD and is entitled to relief as a result.

75.    The plaintiff, **JOHN W. TOOLEY** , has been damaged by unjust enrichment of the defendants actions in the confiscation of the equity in his real property at **1830 HELDERBERG AVE** and is entitled to relief as a result.

## COUNT VII

## DEFENDANTS ARE IN VIOLATION OF SUBSTANTIVE DUE PROCESS UNDER THE UNITED STATES CONSTITUTION

76.    Plaintiffs repeat and reallege each of the allegations contained in this complaint.

77.    The United States Constitution Fifth Amendment provides that property shall not be taken without due process of law.

78.    The defendants have retained the equity, or surplus proceeds, from tax auctions regarding each of the plaintiffs property.

79.    The defendants have failed to provide a statutory or an administrative process for the plaintiffs to reclaim their equity in their respective properties.

80.    The defendants have not offered to return the equity to the plaintiffs after seizing their properties to satisfy plaintiffs tax obligations.

81.    In fact, the defendants are refusing to return the surplus proceeds to the plaintiffs in spite of plaintiffs demands for the return of the same.

82.     The excess seizure is not rationally related to objective sought to be achieved, namely, the collection of delinquent taxes.

83.     The cause of action is for violation of the United States Constitution is brought under the United States Constitution Fifth and Fourteenth Amendments.

84.     By defendants actions in confiscating the entire equity in the Plaintiff, **RICHARD CHMURA** real property at 2112 GRAY ROAD AND/OR 2126 GRAY ROAD, and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;  and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **RICHARD CHMURA**, has suffered damages and is entitled to relief.

85.     By defendants actions in confiscating the entire equity in the Plaintiff, **KENNETH BOBAR**  real property at 649 MARIAVILLE ROAD,   and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;  and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **KENNETH BOBAR**, has suffered damages and is entitled to relief.

86.     By defendants actions in confiscating the entire equity in the Plaintiff, **JOHN W. TOOLEY**  real property at **1830 HELDERBERG AVE**,  and not returning the equity to the plaintiff; in not providing the plaintiff with a statutory or administrative procedure in which to recover the equity;   and in refusing in all respects to return to the plaintiff his equity in his real property, the plaintiff, **JOHN W. TOOLEY**   , has suffered damages and is entitled to relief.

13

## COUNT VIII

## DEFENDANTS ARE IN VIOLATION OF SUBSTANTIVE DUE PROCESS

## UNDER THE NEW YORK STATE CONSTITUTION

87.     Plaintiffs repeat and reallege each of the allegations contained in this complaint.

88.     The United States Constitution Fifth Amendment provides that property shall not be taken without due process of law.

89.     The defendants have retained the equity, or surplus proceeds, from tax auctions regarding plaintiffs property.

90.     The defendants have failed to provide a statutory or an administrative process for the plaintiffs to reclaim their equity in their respective properties.

91.     The defendants have not offered to return the equity to the plaintiffs after seizing their properties  to satisfy plaintiffs tax obligations.

92.     In fact, the defendants are refusing to return the surplus proceeds to the plaintiffs in spite of plaintiffs demands for the return of the same.

93.     The excess seizure is not rationally related to objective sought to be achieved, namely, the collection of delinquent taxes.

94.     By defendants actions in confiscating the entire equity in the Plaintiff(s) real property  and not returning the equity to the plaintiffs;  in not providing the plaintiffs with  a statutory or an administrative procedure in which to recover the equity;   and in refusing in all

respects to return to the plaintiffs their equity in their real property, the plaintiff, **RICHARD CHMURA** has suffered damages and is entitled to relief.

95.    By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **KENNETH BOBAR** has suffered damages and is entitled to relief.

96.    By defendants actions in confiscating the entire equity in the Plaintiff(s) real property and not returning the equity to the plaintiffs; in not providing the plaintiffs with a statutory or an administrative procedure in which to recover the equity; and in refusing in all respects to return to the plaintiffs their equity in their real property, the plaintiff, **JOHN W. TOOLEY** has suffered damages and is entitled to relief.

**WHEREFORE,** plaintiff, **RICHARD CHMURA,** demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff, **KENNETH BOBAR,** demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

**WHEREFORE,** plaintiff, **JOHN W. TOOLEY**  , demands judgment against the defendant(s) in an amount to be determined upon the trial of this action together with interest

and the costs and disbursements of this action and such other and further relief as to the Court seems just and proper.

DATED 12/14/2023          DAVID M. GIGLIO & ASSOCIATES, LLC

By: _David M. Giglio_ (signature)

David M. Giglio & Associates, LLC
David M. Giglio
Attorneys for plaintiff(s)
13 Hopper Street
Utica, NY 13501
Tel. (315) 797-2854